IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                   Criminal No. 3:06CR31

SEAN D. BLACK,

   Petitioner.

MEMORANDUM OPINION

Sean D. Black, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Black asserted that, in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

Johnson, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." Id. The Johnson Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563.

challenge under the Due Process Clause. . . . Johnson's vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." United States v. Lee, No. 15-6099, --- F.3d ----, 2017 WL 1476145, at *2 (4th Cir. Apr. 25, 2017) (citation omitted). Thus, Black's claim lacks merit. Accordingly, the Government's Motion to Dismiss (ECF No. 95) will be granted. The § 2255 Motion (ECF No. 89) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

Further, Counsel for Black, Paul E. Shelton, has submitted a Motion to Withdraw as Counsel (ECF No. 96). Mr. Shelton states he "cannot identify any non-frivolous arguments to make on his [client's] behalf with respect to his pending motion to vacate . . . or in response to the government's pending motion to dismiss." (Mot. Withdraw at 1.) Nevertheless, Black "has submitted to counsel a pro se supplemental brief that he has specifically asked to be filed with the Court."[2] (Id.) Accordingly, the Motion to Withdraw (Docket No. 96) is granted.

---

[2] In his supplemental brief, Black asserts that "Amendment 268 [to the U.S. Sentencing Guidelines] is unconstitutional. . . [because] it results in the 'residual clause' of §924(e)(2)(B)(ii) being placed into the career offender provision of the Sentencing Guidelines[.]" (Pro Se Supp. Brief at 3.) Black is correct that Amendment 268 amended the U.S. Sentencing Guidelines to include the identical language that was deemed unconstitutionally vague in the Armed Career Criminal Act (ACCA). See U.S. Sentencing Guidelines Manual app. C (U.S.

The Clerk is directed to send a copy of this Memorandum Opinion to Black and all counsel of record.

It is so ORDERED.

Date: May 16, 2017
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

---

Sentencing Comm'n 1987); <u>Beckles v. United States</u>, 137 S. Ct. 886, 890 (2017). However, Black's argument wholly lacks merit because it ignores the Supreme Court's decision in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017). In <u>Beckles</u>, the Court held that the career offender residual clause is not subject to a Fifth Amendment Due Process vagueness challenge because "unlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." <u>Beckles</u>, 137 S. Ct. at 890. To the extent that Black challenges Amendment 268 <u>itself</u> as unconstitutionally vague, this argument is also without merit because it is circular and results in the same conclusion that as enacted, Amendment 268 is not subject to a Fifth Amendment Due Process vagueness challenge under <u>Beckles</u>.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:06CR31

SEAN D. BLACK,

    Petitioner.

**ORDER**

In accordance with the accompanying Memorandum Opinion, it is hereby ORDERED that:

1. Black's § 2255 Motion (ECF No. 89) is denied;
2. The Government's Motion to Dismiss (ECF No. 95) is granted;
3. Shelton's Motion to Withdraw as Counsel (ECF No. 96) is granted;
4. The action is dismissed; and,
5. A certificate of appealability is denied.

Black is advised that he may appeal the decision of this Court. Should he wish to do so, a written notice of appeal must be filed with the Clerk of the Court within sixty (60) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the ability to appeal.

The Clerk of the Court is directed to send a copy of the Memorandum Opinion and Order to Black and all counsel of record.

It is so ORDERED.

                                      /s/   R E P
                                  Robert E. Payne

Date: May 16, 2017        Senior United States District Judge
Richmond, Virginia