```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                       Richmond Division
```

UNITED STATES OF AMERICA

v.                                Criminal Action No. 3:06CR31
                                  Civil Action No. 3:25CV547
SEAN D. BLACK

                        **MEMORANDUM OPINION**

    By Memorandum Opinion and Order entered on March 21, 2011, the Court denied a 28 U.S.C. § 2255 motion filed by Sean D. Black. (ECF Nos. 78, 79.) On June 30, 2025, Black filed a NOTICE OF MOTION 2241 in the United States District Court for the Eastern District of Pennsylvania ("Pennsylvania District Court"). (ECF No. 1.) On July 14, 2025, the Pennsylvania District Court concluded that the NOTICE OF MOTION 2241 was in fact and substance a 28 U.S.C. § 2255 motion and transferred it to this Court. (ECF No. 3.) As explained below, the NOTICE OF MOTION 2241 must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

    The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, . . . the name makes no difference. It is substance that controls." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." Id. (citing Ramunno v. United States, 264 F.3d 723 (7th Cir. 2001)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." United States v. McCalister, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006)).

2

Black contends that his conviction for possession of a firearm must be vacated because of recent developments in the law. (ECF No. 1, at 1-2.) Because Black "asserts . . . a federal basis for relief from [his] underlying [federal] conviction[s]," the NOTICE OF MOTION 2241 will be treated as a successive § 2255 motion. McCalister, 453 F. App'x at 778 (quoting Spitznas 464 F.3d at 1215). Accordingly, the NOTICE OF MOTION 2241 is properly construed as a successive 28 U.S.C. § 2255 motion. Because the Fourth Circuit has not authorized this Court to entertain a successive § 2255 motion, the NOTICE OF MOTION 2241 (ECF No. 1) will be dismissed for want of jurisdiction. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 21, 2025